### ABBY M. CONANT *vs.* JOSEPH G. WARREN.

A demurrer to the whole of a bill in equity must be overruled if the plaintiff is entitled to relief as to any part of the bill.

An injunction of a sale of land under a power in a mortgage thereof may be granted on a bill which does not contain a sufficient description of the land to enable a writ of possession to issue.

A bill in equity by a married woman to redeem land held by her to her sole and separate. use under the *St.* of 1845, *c.* 208, from a mortgage made by herself and her husband, does not, by averring that the husband, at the date of the mortgage, "was contingently entitled to an estate as tenant by the curtesy therein," and that he had since applied for the benefit of the insolvent law, and an assignee of his estate been appointed, show such an interest in the husband or his assignee, as to make them necessary parties to the bill.

BILL IN EQUITY. The plaintiff, who described herself as "wife of Charles Conant of Worcester," averred "that, being seised of a certain lot of land with the buildings thereon, situated on Vernon Street in said Worcester, to her sole and separate use, under the statute of 1845, chapter 208, she, with her said husband, who was contingently entitled to an estate as tenant by the curtesy therein," mortgaged the same to secure a loan made to her by the defendant, and usurious interest thereon payable semi-annually, (the particulars of which usurious transaction were set forth,) and that the mortgage contained a power of sale, under which the defendant, for nonpayment of the first instalment of interest, without notice to the plaintiff, and contrary to an agreement made by him with her husband in her behalf, had advertised the premises for sale.

The bill then averred a tender to the defendant of said interest and of all costs, and his refusal to accept them; offered to do any other act, which the plaintiff ought in equity to do, to entitle her to the relief prayed for; and averred that the defendant intended to and would sell the premises, unless enjoined; and "that her said husband, since said interest became due, and before said estate was advertised for sale, made application for the benefit of the insolvent law of this commonwealth, and Charles W. Whitcomb has been appointed his assignee."

The bill prayed for a discovery, for a temporary and a perpet-

ual injunction of a sale of the premises for such default, and for further relief.

The defendant demurred to the bill, on the following grounds; and cited in support of each ground the authorities mentioned under it :

1st. Because it appeared by the bill that Charles Conant was entitled to an estate by the curtesy in the premises therein mentioned, and sought to be redeemed, and was a necessary party to the bill; yet he had not been made a party. 1 Dan. Ch. Pract. 246, 266, 267. Story Eq. Pl. § 185. *Henley* v. *Stone*, 3 Beav. 355. *Stevenson* v. *Perit*, 3 Met. 480.

2d. Because it appeared by the bill that said Conant had become insolvent, and his interest in the premises had been assigned; yet his assignee was not made a party. *St.* 1845 *c.* 208, § 7.

3d. Because the plaintiff sought a discovery of an alleged usurious transaction on the part of the defendant, which, if true would subject him to forfeitures ; and yet had not waived the forfeitures, as required in such cases. Rev. Sts. *c.* 35, § 3. *Rogers* v. *Rathbun*, 1 Johns. Ch. 367. *Tupper* v. *Powell*, 1 Johns. Ch. 439. 1 Dan. Ch. Pract. 627.

4th. Because the bill did not contain a sufficient description of the premises sought to be redeemed, to enable a writ of possession to issue, if necessary ; and the jurisdiction of the court was limited to suits for redemption. Rev. Sts. *c.* 81, § 8; *c.* 107 §§ 21, 24. *Miller* v. *Miller*, 16 Pick. 215. *Atwood* v. *Atwood*, 22 Pick. 283.

*D. Foster*, for the defendant.

*P. C. Bacon*, for the plaintiff.

THOMAS, J. This bill, among other things, seeks to restrain the defendant from making a sale under a power of sale in a deed of mortgage. It avers a tender and offer to pay all that was due upon the mortgage, to wit, the interest, and prays for an injunction, temporary and permanent, to stay a sale for the default in its nonpayment.

The bill showing good ground for relief in equity, the demurrer is not well taken. Where there is a demurrer to the whole

bill, if, as to any part, the plaintiff is entitled to relief or discovery, the demurrer must be overruled. *Wright* v. *Dame*, 1 Met 241. 1 Dan. Ch. Pract. 605.

It does not appear that, at the time of the filing of the bill, the husband or his assignee in insolvency had, or that either of them now has, any estate in the premises. Upon this demurrer we cannot make inferences, much less conjectures. But if the inchoate right of tenancy by the curtesy was in the husband or his assignee, it is by no means clear that the plaintiff, holding this estate under the *St.* of 1845, *c.* 208, to her sole and separate use, free from the interference and control of her husband, would be compelled to make the husband or his assignee a party to the bill. See § 5.                     *Demurrer overruled.*